JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08955-JHN-AGRx | Date | December 8, 2011 |
|---|---|---|---|
| Title | Denise G. Banuelos v. Colonial Life and Accident Ins. Co. et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT
(In Chambers)

On October 28, 2011, Defendant Colonial Life and Accident Insurance Company ("Defendant") removed this action to federal court. However, the jurisdictional allegations are defective.

Defendants removed solely on the basis of diversity jurisdiction. (*See* Notice of Removal, Docket no. 1.) Under 28 U.S.C. § 1332, the Court has original jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "The burden of establishing federal jurisdiction is on the party invoking federal jurisdiction." *U.S. v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008).

Here, Defendant does not meet its burden with respect to the amount-in-controversy. Where it is not facially evident from the complaint that the amount-in-controversy is met, a defendant must establish, by a preponderance of the evidence, that the amount-in-controversy truly exceeds $75,000. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Conclusory statements are wholly inadequate, given the strong presumption against removal jurisdiction. *Id.*

In this case, the Complaint is silent as to an amount-in-controversy. The Complaint seeks relief for breach of the duty of good faith and fair dealing and breach of contract, on the ground that Defendants did not timely or adequately compensate Plaintiff Denise G. Banuelos ("Plaintiff") under a disability insurance policy for losses caused by complications during pregnancy. The Complaint alleges that Defendant's policy promised monthly benefits of $1200 per month for up to twelve months, and $100 per

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08955-JHN-AGRx | Date | December 8, 2011 |
|---|---|---|---|
| Title | Denise G. Banuelos v. Colonial Life and Accident Ins. Co. et al | | |

day for up to 30 days of hospital confinement in the event that Plaintiff became totally disabled. (Compl. at 2, ¶ 5.) Thus, the Complaint only indirectly specifies damages amounting to approximately $17,400. The Complaint broadly refers to "other economic and consequential damages," damages for emotional distress, attorney's fees, witness fees, costs of litigation, and punitive and exemplary damages, in amounts "to be determined at the time of trial." (Compl. at 7.) These indirect allegations are too vague to establish an amount-in-controversy exceeding $75,000. (*See* Notice of Removal at ¶¶ 10–11.) Nevertheless, Defendant claims that the requisite jurisdictional amount is met by including these other potential items of recovery such as attorney's fees, punitive damages, emotional damages, and prejudgment interest. (*Id.* at ¶¶ 9–12.)

    A.  Attorney's Fees

Attorney's fees may be included in the jurisdictional amount if such recovery is allowed by contract or state law. *Galt F/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). Defendant correctly states that under California law, attorney's fees may be recovered by a successful plaintiff in an action for breach of the covenant of good faith and fair dealing. *Brandt v. Superior Court*, 37 Cal.3d 813, 815 (1985). However, Defendant provides no factual basis for determining the amount of fees incurred thus far or that will accrue in the future. Thus, Defendant's inclusion of Plaintiff's attorney's fees is speculative, unsupported and cannot be included in determining the amount in controversy.

    B.  Emotional Distress

Defendant correctly notes that California law authorizes the recovery of emotional distress damages in an action for breach of the implied covenant of good faith and fair dealing against an insurer. *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 580 (1973). However, Defendant provides no factual basis for determining the likelihood of emotional damages in this case. Defendant's conclusory statements that "[d]amages in insurance bad faith cases routinely exceed $100,000," and that "Plaintiff is represented by . . . an experienced and successful insurance bad faith attorney," are insufficient. Defendant cites no cases and provides no facts in support of its statements, giving the Court no reason at all to believe that Plaintiff may receive $100,000 or more in emotional damages.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08955-JHN-AGRx | Date | December 8, 2011 |
|---|---|---|---|
| Title | Denise G. Banuelos v. Colonial Life and Accident Ins. Co. et al | | |

C. Punitive Damages

Punitive damages may be included in the amount in controversy if they are recoverable under the applicable law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). However, Defendant's bare assertion that "Plaintiff is seeking punitive damages under California law" provides the Court with no factual or legal basis by which to determine the likelihood of a punitive award in this case. Therefore, inclusion of punitive damages into the amount-in-controversy is speculative.

D. Prejudgment Interest

Prejudgment interest is expressly prohibited from inclusion in the amount in controversy requirement. 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs* . . ."). 

Defendant has not proved by a preponderance of the evidence that the recovery sought exceeds $75,000. Ultimately, Defendant's conclusory statements regarding the amount-in-controversy do not satisfy their burden and will not overcome the strong presumption against removal jurisdiction.

**Accordingly, the Court REMANDS this matter to Los Angeles Superior Court for all further proceedings.**

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-08955-JHN-AGRx | Date | December 8, 2011 |
|---|---|---|---|
| Title | Denise G. Banuelos v. Colonial Life and Accident Ins. Co. et al | | |